IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-632 |
| | : | |
| GEORGE LITTLE, et al. | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                   **September 25, 2023**

Pro se plaintiff William Victor, currently incarcerated at State Correctional Institution Phoenix ("SCI Phoenix"), brings this lawsuit under 42 U.S.C. § 1983 against Defendant Physical Therapist Waters.[1] Victor claims he was denied physical therapy in violation of the First, Eighth, and Fourteenth Amendments. Waters moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Victor has pled sufficient facts to bring deliberate indifference and retaliation claims under the First and Eighth Amendments, the motion to dismiss will be denied as to these claims. But the Fourteenth Amendment does not apply to Victor's deliberate indifference claim because he is a convicted prisoner, not a pretrial detainee. Therefore, Waters' motion to dismiss will be granted on this claim only.

## BACKGROUND

Victor has documented medical issues with his neck, shoulder, and back, including "damage to nerves and discs."[2] Am. Compl. ¶¶ 94, 101, ECF No. 89. Because of these injuries, he has "difficulty in moving, walking, exercising, and having full range of motion." *Id.* ¶ 101. Victor received physical therapy for these injuries beginning in 2020, through March 2021. *Id.* ¶ 94. On

---

[1] There are 38 Defendants in this case, including Waters. This opinion only addresses the defendants, facts, and issues relevant to Waters' motion to dismiss.

[2] Some quotations from the Amended Complaint are lightly edited.

April 1, 2021, Victor was transferred to L-Block at SCI Phoenix. *Id.* ¶ 95. Thereafter, he claims prison employees escorted Victor to a room without physical therapy equipment and told Waters to provide physical therapy while Victor was "restrained from the back with a restraint belt." *Id.* Each time they did so, Waters told Victor "there is no way I can provide treatment for you with you restrained like you are." *Id.* ¶ 96. Victor alleges Waters would record, however, that Victor had an attitude and/or refused treatment. *Id.*

When Victor filed grievances about the changes in his physical therapy treatment, he was told prison employees "did not want any RRL [Restricted Release List] prisoners to leave the unit." *Id.* But at some point, as a result of Victor's complaints, other prison employees told Waters to contact the shift commander prior to appointments so Victor could be taken to medical. *Id.* ¶ 99. Victor alleges Waters did not follow this directive. *Id.* ¶¶ 99, 107. Victor also alleges Waters would not ask for Victor to be unrestrained, "despite knowing it was in the orders." *Id.* ¶ 107. Thus, from April 1, 2021 to approximately August 2022, Victor alleges he was denied physical therapy. *Id.* ¶ 93. Victor states that his physical therapy briefly restarted for two weeks after he went on a hunger strike. *Id.* ¶ 102. After this brief reprieve, however, Waters began scheduling Victor's appointments "3 to 4 weeks apart, which would render therapy obsolete." *Id.* Although Waters instructed Victor to complete physical therapy exercises in his cell, Victor had difficulty doing so because of his pain after so many months without therapy. *Id.* ¶ 105. According to Victor, "Waters expressed to me he was being directed to 'do what was expedient and get me off of therapy.'" *Id.* ¶ 104. Finally, Victor claims that once Waters became aware of the claims against him, he immediately terminated therapy and made false entries in Victor's chart. *Id.* ¶¶ 111, 113.

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly,* 550 U.S. at 556). In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual matter elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

Additionally, the Court must construe pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). A pro se complaint must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff cannot prove a set of facts which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**DISCUSSION**

Victor brings claims against Waters for deliberate indifference under the Eighth and Fourteenth Amendments and for retaliation under the First Amendment. As a threshold matter, the Eighth Amendment protects the rights of convicted prisoners, while the Fourteenth Amendment protects the rights of pretrial detainees. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Because Victor is a convicted prisoner and the Fourteenth Amendment does not govern his claims for deliberate indifference, his Fourteenth Amendment claim will be dismissed.

3

As to Victor's Eighth Amendment and First Amendment claims, Waters argues the relevant portion of the Amended Complaint is "made up entirely of naked assertions devoid of further factual enhancement." Br. Supp. Mot. Dismiss 6, ECF No. 93. The Court acknowledges that the Amended Complaint includes many "conclusory statements." *Ashcroft*, 556 U.S. at 678. But as discussed below, the Amended Complaint also contains sufficient factual elements to plead claims for deliberate indifference and retaliation. Therefore, the motion to dismiss will be granted in part as to the Fourteenth Amendment claim and denied in part as to the Eighth and First Amendment claims. The Court now turns to the standards governing § 1983 suits, and then addresses the two remaining claims.

Section 1983 allows private citizens to bring suit for "violations of federal law committed by state actors." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). To bring a § 1983 claim, a plaintiff must (1) show their federal rights were violated, and (2) show the violation was caused by a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also show the defendant was personally involved in the alleged violation. *Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The Eighth Amendment's ban on cruel and unusual punishment forbids "deliberate indifference to serious medical needs of prisoners." *Estelle*, 429 U.S. at 104. To state this claim, a plaintiff must plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582. As to the first element, "[a] medical need is serious . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.

4

1987) (internal quotation marks and citation omitted). Although Victor's Amended Complaint is vague as to the nature of his injuries, he states he has "damage to nerves and discs." Am. Compl. ¶ 101, ECF No. 89. And in light of Victor's physical therapy in 2020 and the first three months of 2021, a reasonable inference is these injuries had been diagnosed as requiring treatment. Thus, he has adequately pled a serious medical need.

As to the second element of Victor's Eighth Amendment claim, a prison employee is deliberately indifferent when they "intentionally deny[] or delay[] access to medical care or intentionally interfere[] with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05; *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017). Allegations of medical malpractice and "mere disagreement as to the proper medical treatment" are not sufficient to show a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citation and modification omitted). It is unclear in this case whether the initial denial of physical therapy was *caused* by Waters, as is required to bring a § 1983 claim, because Victor does not allege Waters had authority to have Victor removed from his restraints or taken to the appropriate treatment room. And the Court finds Victor's assertion that appointments every three to four weeks "render[ed] therapy obsolete" after therapy restarted does not sufficiently allege a constitutional violation, especially given that Waters instructed Victor to complete physical therapy exercises in between appointments. Am. Compl. ¶ 102, ECF No. 89.  Victor also alleges, however, that after he submitted grievances other prison staff directed Waters to contact the unit shift commander prior to appointments to have Victor escorted to medical. *Id.* ¶ 99. Victor claims Waters did not do so, nor did he ask for Victor to be unrestrained, "despite knowing it was in the orders." *Id.* ¶ 107. These facts are sufficient to plausibly plead deliberate indifference by Waters at that time. Accordingly, Waters' motion to dismiss the Eighth Amendment claim will be denied.

Victor also brings a First Amendment retaliation claim against Waters based on the same factual allegations. To state a retaliation claim,

> a plaintiff must demonstrate that (1) he engaged in a constitutionally protected activity; (2) he suffered . . . adverse action sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights; and (3) that the protected activity was a substantial motivating factor in the . . . decision to take adverse action.

*Whitney v. Wetzel,* 649 F. App'x 123, 126 (3d Cir. 2016) (internal quotation marks and citation omitted). Victor engaged in a constitutionally protected activity: filing a lawsuit against prison officials, including Waters. *See id.* ("A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim.") As to the adverse action, Victor claims that Waters immediately terminated therapy and made false entries in Victor's chart when he became aware of the claims against him. Am. Compl. ¶¶ 111, 113, ECF No. 89. Finally, to show causation, a plaintiff "must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Whitney,* 649 F. App'x at 126. Here, Victor's allegation that termination of treatment was "immediate" shows the requisite "suggestive temporal proximity." *Id.* Victor has thus pled a retaliation claim against Waters, and the motion to dismiss this claim will also be denied.

**CONCLUSION**

In sum, Victor has pled sufficient facts to bring an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim based on the denial of physical therapy. The Fourteenth Amendment, however, does not apply to deliberate indifference claims brought by convicted prisoners. Accordingly, the Court will deny Waters' motion to dismiss as to the Eighth

and First Amendment claims, and grant the motion as to the Fourteenth Amendment claim. An appropriate Order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.