TO: CHIEF JUDGE:JUAN R. SANCHEZ, E.D., PA

FROM:WILLIAM VICTOR, FK7293, SCI-PHOENIX

RE: VICTOR V. LITTLE, et al.,22-CV-0632

DEAR JUDGE SANCHEZ,

I SUBMIT THE ATTACHED EXHIBITS TO EXPRESS TO YOU THE NATURE OF ATTORNEY MOZDZIOCK'S POSITION IN NOT PROVIDING PROPER RESPONSES TO MY DISCOVERY AND INTERROGATORIES AS WELL AS THE OTHER EXHIBITS TO SHOW WHY I NEED THEM PROPERLY RESPONDED TO IN ORDER TO PROCEED TO TRIAL IF MEDIATION DOES NOT WORK OUT.

EXHIBIT A, PGS. 1-23. AND #23 OF A SHOWS THE ATTORNEY SUBMIT THE VIDEO'S I SOUGHT IN WHICH EXISTED DURING THE GRIEVANCE PROCESS AND TOLD IN HEREIN OTHER EXHIBITS SAME WOULD BE PRESERVED AS WELL AS THE VIDEO FROM PROPER ANGLE CAMERA I SPECIFICALLY ASKED FOR IS NOT LOCATED NOW, SEE EXHIBIT D.

EXHIBIT B, 1-7 IS SHOWING I WAS IN GENERAL POPULATION RELEASED IN AUGUST OF 2015 AFTER SERVING NINE CONSECUTIVE YEARS IN SOLITARY FOR REFUSING TO ACCEPT A DOC SETTLEMENT OFFER FROM RACIAL ATTACK IN SCI-HUNTINGDON WHICH ALSO RESULTED IN A LT. IN THAT INCIDENT TO BE REMOVED FROM HIS JOB AND I WAS IN POPULATION WITHOUT SERIOUS TO NO MISCONDUCTS UP UNTIL 2018 WHEN I WAS SNATCHED OUT OF GENERAL POPULATION 3/21/18 AND TOLD I WAS BEING SUBMITTED FOR RRL FOR FAILING THE SMU TWICE WHICH I DID "BUT THE FAILURES OCCURED IN 2009 AND 2011 WHICH WAS ALREADY ACCOUNTED FOR WHICH CAUSED MY RELEASE AT SCI-FRACKVILLE, "FRA", SEE EXHIBIT B, PAGE ONE.

EXHIBIT C, PAGE 1 SHOWS THE VIDEO IS SUPPOSED TO BE PRESERVED AS TIMELY REQUESTED AND IF NOT THIS IS SPOLIATION.

EXHIBIT D, PAGES ONE THROUGH THREE SHOW THE NEED FOR ME TO HAVE PHYSICAL THERAPY AND THE ATTORNEY REPRESENTING DEFENDANTS LETIZIO AND WATERS TODAY SHOW THAT THEY ARE UNAWATRE I AM BEING DENIED THERAPY BUT KNOW I NEED IT AND UNCERTAIN IF WATERS RETIRED OR NOT YET SAID SO AND ALSO THE TWO PAGES IN D AFTER ONE SHOWS WHEN I WAS PLACED ON I.M.U. PHASE ONE HERE AT PHX AND YET ATTORNEY MOZDZIOCK IN HIS FILINGS HEREIN CONTINUE TO PLAY FOOT LOOSE AND FANCY FREE WITH THE CORRECT DATES DUE TO FACT I WAS MADE TO ATTEND IN "BELIEF I WAS IN A AUTHORIZED PROGRAM PHASE ON 10/5/21 WHEN I WAS NOT". ALSO THE DOC DEFENDANTS USING NARRATIVE I WAS RRL DUE TO ASSAULTIVE HISTORY AGAINST STAFF AND OTHER PRISONERS WHEN IN FACT ITS UNDISPUTED I WAS ACCUSED OF ASSAULTING TWO PRISONERS IN 2005 AND 2007, AND STAFF ON 4/28/17, 9/17/19 AND 8/12/21 YET THE REASON I WAS PUT IN FOR RRL

*EXHIBIT A 1-23*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,

                    Plaintiff   :

                            :     No.  2:22-CV-0632

                         v.      :

                            :     **Chief Judge Sanchez**

GEORGE LITTLE, JOHN WETZEL,   :

SUPERINTENDENT SORBER, DEPUTY   :

SUPT. TERRA, DEPUTY SUPT SIPPLE,   :     *Complaint Filed 02/16/22*

DEPUTY SUPT. BRADLEY, MAJOR   :

MASCELINO, UNIT MANAGER   :

GRENOVICH, UNIT MANAGER   :

LUQUIS, LT. SCICCHITANO,   :

PSYCHOLOGIST MATTEO,   :

PSYCHOLOGIST STICKNEY, SGT.   :

WORTH, OFFICER GARNETT,   :

OFFICER PISTONE, MEDICAL   :

EMPLOYEE SAVAGE, PHYSICAL   :

THERAPIST WATERS *and* MAJOR   :

HENSLEY,   :

                           :

                 **Defendants**   :

## DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

1.      Since the opening of the I.M.U Unit SCI-Phoenix, how many times have there been injuries reported to each of you in forms of Grievances, DC-ADM 001 Complaints that staff on the I.M.U. Unit used excessive, unprovoked and deliberate force that also resulted in injuries? This period covers opening of L-Block March 2021-May 29, 2023?

**RESPONSE: DOC Defendants object to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. DOC Defendants further object to the extent this Interrogatory confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.**

2.      In relation to such reports of assault/injuries as described in one, how many times were these allegations substantiated and discipline was used to punish and remove staff from the unit?

**RESPONSE: DOC Defendants object to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the**

A-2

discovery of admissible evidence. DOC Defendants further object to the extent this Interrogatory confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.

3.      Specify the breaches of security reports/reviews and investigations in which staff assigned on the I.M.U Unit violated the Code of Conduct in which they were found to be in violation of security policies and training that played a significant role in excessive uses of force on Unit that caused injury in regards to the Defendants in this case and how such violations were handled including discipline and removal from the Unit?

**RESPONSE: DOC Defendants object that this Interrogatory is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. DOC Defendants further object to the extent this Interrogatory confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.**

4.      Defendants Young and Fitzgerald are married, was it not a conflict having the husband oversee the I.M.U. day to day operations while the wife a major in position to her husband captain position in which she sat often on the "PRC Panel" that decided the progress and or privileges prisoners such as victor could earn on unit while filing Complaints the husband was engaged in patterns of abusive behavior with and through such Defendants as named in claims amended and how was such behavior not foreseen by Defendants such as Sorber, Terra, Wynder, Hensley, Dusel and others so named?

**RESPONSE: DOC Defendants object to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

5.   Was it routine that those Sorber, Terra and Dusel assigned to investigate Complaints of abuse by Victor, normally and steadily denied any such abuse as alleged were taking place on the I.M.U Unit?

**RESPONSE: DOC Defendants object to this Interrogatory as it calls for legal conclusions. Subject to and without waiver of objections, as to Defendant Sorber, Complaints of abuse are forwarded to the facility security office for investigation. These investigations are approved by the Office of Special Investigations and Intelligence when competed. As to Defendant Sipple, not applicable. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: DOC Defendants object to this Interrogatory as it calls for legal conclusions.**
**Subject to and without waiver of objections, as to Defendant Wynder, not applicable. As to Defendant Dusel, question is unclear. As to Defendant Bradley, not applicable, I was not**

2

A - 3

part of the I.M.U. As to Defendant Terra, after a review and investigation a decision/recommendation was made. Defendants reserves the right to supplement the response to this request

6.    Did there come a time in the period victor was housed on I.M.U Unit the conflict describe above between Young and his wife Fitzgerald Young identified and decision made to remove such conflict? Explain how that was decided and when?

**RESPONSE: DOC Defendants object to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**
**Subject to and without waiver of objections, as to Defendant Sorber, I am unaware of any such conflict.**

**SUPPLEMENTAL RESPONSE: DOC Defendants object to this Interrogatory as it is overbroad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**
**Subject to and without waiver of objections, as to Defendant Dusel, I have never worked in the I.M.U. As to Defendant Wynder, I do not recall. As to Defendant Bradley, not applicable, I was not part of the I.M.U. Defendants reserves the right to supplement the response to this request.**

7.    In your positions as your in on unit with regards to discipline and I.M.U phase progress votes, did each of you with a vote and supervision of Fairness treat each prisoner on Unit awaiting progress phase support and or privileges treated the same based on their behaviors and misconduct history on the I.M.U. Unit?

**RESPONSE: As to Defendant Sorber, votes were made based on the inmate meeting specific goals outlined by the unit team and PRC. As to Defendant Sipple, I was not included in this process for IMU inmates. As to Defendant Luquis, yes. As to Defendant Mascellino, yes. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: As to Defendant Sorber, votes were made based on the inmate meeting specific goals outlined by the unit team and PRC. As to Defendant Sipple, I was not included in this process for IMU inmates. As to Defendant Luquis, yes. As to Defendant Mascellino, yes. As to Defendant Dusel, yes. As to Defendant Wynder, this is on a case by case base, we treat all the same according to the IMU policy. As to Defendant Terra, yes. As to Defendant Fitzgerald, yes, I treat everyone with fairness when I vote. As to Defendant Bradley, I was not part of the I.M.U., PRC or Unit team.  Defendants reserves the right to supplement the response to this request.**

8.    Did any of you engage in the treatment that would lead to the possibility Victor was and or would be treated differently than those similarly situated in the I.M.U?

Ref: 4701877 pg 5 of 43 for WILLIAM VICTOR

A-4

**RESPONSE:** As to Defendant Sorber, All inmates in the IMU were provided the same opportunity while encouraged to participate and complete the program. As to Defendant Sipple, no. As to Defendant Luquis, no. As to Defendant Mascellino, no. Defendants reserves the right to supplement the response to this request.

**SUPPLEMENTAL RESPONSE:** As to Defendant Sorber, All inmates in the IMU were provided the same opportunity while encouraged to participate and complete the program. As to Defendant Sipple, no. As to Defendant Luquis, no. As to Defendant Mascellino, no. As to Defendant Dusel, no. As to Defendant Wynder, no. As to Defendant Terra, no. As to Defendant Fitzgerald, no. As to Defendant Bradley, I did not. Defendants reserves the right to supplement the response to this request.

9.       Was Victor ever involved in assaulting staff on the I.M.U Unit since his stay at SCI-Phoenix?

**RESPONSE:** As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, I do not recall each incident where Victor was charged with assault, I'm not assigned to that unit any longer. As to Defendant Mascellino, yes. Defendants reserves the right to supplement the response to this request.

**SUPPLEMENTAL RESPONSE:** As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, I do not recall each incident where Victor was charged with assault, I'm not assigned to that unit any longer. As to Defendant Mascellino, yes. As to Defendant Dusel, I do not recall. As to Defendant Wynder, yes. As to Defendant Terra, yes. As to Defendant Fitzgerald, according to Victor's misconduct history he was charged with assault in August of 2021. As to Defendant Bradley, I do not recall. Defendants reserves the right to supplement the response to this request.

10.       Was he disciplined for this by a hearing examiner?

**RESPONSE:** As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, not applicable. As to Defendant Mascellino, yes. Defendants reserves the right to supplement the response to this request.

**SUPPLEMENTAL RESPONSE:** As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, not applicable. As to Defendant Mascellino, yes. As to Defendant Dusel, I do not recall. As to Defendant Wynder, yes 60 days DC time 08/12/21. As to Defendant Terra, yes. As to Defendant Fitzgerald, yes according to Victor's misconduct

Ref: 4701877 pg 6 of 43 for WILLIAM VICTOR

A - 5

history. As to Defendant Bradley, I do not know. Defendants reserves the right to supplement the response to this request.

11.    Based on the disciplinary custody time he was issued for such charges and any other reports of misconduct did it prohibit him from participating in the I.M.U program?

**RESPONSE:  As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, the I.M.U. program is based on phases that are pending on the inmate's behavior and participation. As to Defendant Mascellino, yes. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, the I.M.U. program is based on phases that are pending on the inmate's behavior and participation. As to Defendant Mascellino, yes. As to Defendant Dusel, I do not recall. As to Defendant Wynder, no. As to Defendant Fitzgerald, I'm not sure. As to Defendant Bradley, I do not know. As to Defendant Terra, during period of disciplinary custody, PRC can make decisions to hold IMU Programming; so yes it would have prohibited him from continuing in the IMU. Defendants reserves the right to supplement the response to this request.**

12.    If after beginning compliance in I.M.U. program did there become a time Victor was removed from phase participation due to reports of misconduct?

**RESPONSE: As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, I do not recall, I'm not assigned to that unit any longer. As to Defendant Mascellino, no. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: As to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. As to Defendant Sipple, I do not know. As to Defendant Luquis, I do not recall, I'm not assigned to that unit any longer. As to Defendant Mascellino, no. As to Defendant Wynder, I was not working at SCI-Phoenix. As to Defendant Fitzgerald, I'm not sure. As to Defendant Bradley, I do not know. As to Defendant Terra, yes. Defendants reserves the right to supplement the response to this request.**

13.    How long was he kept from I.M.U phase process and why?

**RESPONSE: Victor was placed in the IMU on 4/1/2021 and as of 11/16/2022 there has not been a request of removal of Victor out of the IMU, due to misconducts and behavior. Defendants reserves the right to supplement the response to this request.**

5

A ~ 6

**SUPPLEMENTAL RESPONSE: As to Defendant Fitzgerald, I do not know. Defendants reserves the right to supplement the response to this request.**

14.     When the I.M.U Unit opened in march of 2021 and all prisoners of each POD were not assigned to any program phases, did any of you make a decision to "pick" several prisoners who were designated "RRL" like any others on unit were and house them on "B" POD of the I.M.U unit allowing them to exit their cells daily unrestrained and not made to participate in the I.M.U program as Victor was?

**RESPONSE:  As to Defendant Sorber, decisions specifically related to housing were not made by my office. As to Defendant Sipple, no. As to Defendant Luquis, not applicable, I was not assigned to the I.M.U. when it opened in March of 2021. As to Defendant Mascellino, no. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: As to Defendant Sorber, decisions specifically related to housing were not made by my office. As to Defendant Sipple, no. As to Defendant Luquis, not applicable, I was not assigned to the I.M.U. when it opened in March of 2021. As to Defendant Mascellino, no. As to Defendant Dusel, no. As to Defendant Terra, no. As to Defendant Fitzgerald, I did not, I made Captain in March of 2021 and did not have anything to do with the IMU. As to Defendant Wynder, I was not employed by SCI Phoenix at this time. As to Defendant Bradley, I was not part of this process. Defendants reserves the right to supplement the response to this request.**

15.     If your responses to 14 is yes, name the prisoners selected and given approval to circumvent the I.M.U. six phase process as well as the "authority relied on and or policy" that allowed for such circumvention?

**RESPONSE: DOC Defendants object that this Interrogatory is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. DOC Defendants further object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff. Subject to and without waiver of objections, as to Defendant Sorber, please refer to Response no. 14. Defendants reserves the right to supplement the response to this request.**

16.     If while a prisoner is housed on the I.M.U. Unit and on a particular phase and is found to be in possession of a weapon, or engaged in a fight, drugs and or other serious acts of misconduct, would they be automatically reviewed and placed in phase six status and restricted from the security process of Exiting their cells unrestrained until such a time such as the completion of disciplinary custody time and PRC review is done to Judge their level of compliance is satisfied?

6

A - 7

**RESPONSE:** As to Defendant Sorber, PRC and the unit team established the Phase an inmate was in. These decisions were based on several factors to include misconduct reports, participation in programming, behavior, interaction with other inmates and unit staff (psychology, counselor, and correctional officer). As to Defendant Sipple, PRC would make this determination. As to Defendant Luquis, the Unit Team follows the I.M.U policy and procedures in regards to the above question. As to Defendant Mascellino, no. Defendants reserves the right to supplement the response to this request.

**SUPPLEMENTAL RESPONSE:** As to Defendant Sorber, PRC and the unit team established the Phase an inmate was in. These decisions were based on several factors to include misconduct reports, participation in programming, behavior, interaction with other inmates and unit staff (psychology, counselor, and correctional officer). As to Defendant Sipple, PRC would make this determination. As to Defendant Luquis, the Unit Team follows the I.M.U policy and procedures in regards to the above question. As to Defendant Mascellino, no. As to Defendant Dusel, I do not know. As to Defendant Fitzgerald, I do not know. As to Defendant Wynder, yes. As to Defendant Bradley, I was not part of this process. As to Defendant Terra, no they receive a modification; prior to policy revision some were place on 6M. However, now they receive M. If a modification is applied then yes they will not be given same privileges. Defendants reserves the right to supplement the response to this request.

17.     Who would make such reviews of such decisions? Have any of you been involved in such decisions? If so, name the incidents, dates and decisions made in such actions without naming the prisoners involved.

**RESPONSE:** DOC Defendants object that this Interrogatory is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. DOC Defendants further object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.
Subject to and without waiver of objection, the Program Review Committee makes such decisions. As to Defendant Sipple, no not on that PRC. Defendants reserves the right to supplement the response to this request.

18.     What is the criteria of the "I.M.U program?" in as much as the goals of it and attention to security and violence?

**RESPONSE:** In order to provide an environment where an RRL inmate can work on his history of misconduct and violence in a setting that protects both our staff and RRL inmates, the DOC created the Intensive Management Unit (IMU). The programming is designed to give an RRL inmate insight into the thinking errors that lead to inappropriate behavior. As an RRL inmate make progress on programming and his behavior improves, he will earn additional privileges; refer to the IMU inmate memo. Defendants reserves the right to supplement the response to this request.

7

A - 8

19.     Are prisoners in the I.M.U. program rewarded for such behaviors as so named, drug use, weapons, fights, assaults?

**RESPONSE: DOC Defendants object that this Interrogatory is unclear.**
**Subject to and without waiver of objection, inmates are not rewarded for behaviors such as drug use, weapons, fights and assaults. Defendants reserves the right to supplement the response to this request.**


20.     If YES, why, If NO, why Not?

**RESPONSE: Those behaviors are unacceptable. Defendants reserves the right to supplement the response to this request.**


21.     Based on the disciplinary custody time he was issued for such charges and any other reports of misconduct did it prohibit him from participating in the I.M.U program?

**RESPONSE: DOC Defendants object that this Interrogatory is unclear as to who the question is referring to.**
**Subject to and without waiver of objection, as to Defendant Sorber, I do not know.  I am no longer with the DOC and am not privy to this information. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTING RESPONSE: DOC Defendants object that this Interrogatory is unclear as to who the question is referring to.**
**Subject to and without waiver of objection, as to Defendant Wynder, this would stop him from participating. As to Defendant Dusel, I have never worked in the I.M.U. As to Defendant Bradley, I was not part of the I.M.U. process. As to Defendant Terra, yes.**


Respectfully submitted,

**MICHELLE A. HENRY**
**Attorney General**


By:    _s/ Jeffrey Mozdziock_
**JEFFREY MOZDZIOCK**
**Deputy Attorney General**
**Attorney ID 320543**

**Office of Attorney General**
**The Phoenix Building**
**1600 Arch Street**

8

A – 9

Philadelphia, PA 19103

KAREN M. ROMANO
**Chief Deputy Attorney General**
**Civil Litigation Section**

jmozdziock@attorneygeneral.gov

**Counsel for Defendants**

**Date:  September 20, 2023**

9

A-10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| Plaintiff | : | |
| | : | No.  2:22-CV-0632 |
| v. | : | |
| | : | **Chief Judge Sanchez** |
| GEORGE LITTLE, JOHN WETZEL, | : | |
| SUPERINTENDENT SORBER, DEPUTY | : | *Complaint Filed 02/16/22* |
| SUPT. TERRA, DEPUTY SUPT SIPPLE, | : | |
| DEPUTY SUPT. BRADLEY, MAJOR | : | |
| MASCELINO, UNIT MANAGER | : | |
| GRENOVICH, UNIT MANAGER | : | |
| LUQUIS, LT. SCICCHITANO, | : | |
| PSYCHOLOGIST MATTEO, | : | |
| PSYCHOLOGIST STICKNEY, SGT. | : | |
| WORTH, OFFICER GARNETT, | : | |
| OFFICER PISTONE, MEDICAL | : | |
| EMPLOYEE SAVAGE, PHYSICAL | : | |
| THERAPIST WATERS *and* MAJOR | : | |
| HENSLEY, | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Jeffrey Mozdziock, Deputy Attorney General for the Commonwealth of Pennsylvania,

Office of Attorney General, hereby certify that on September 20, 2023, I caused to be served a

true and correct copy of the foregoing document titled Defendants' Supplemental Answer to

Plaintiff's Second Set of Interrogatories to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**William Victor, FK-7293**
**SCI Phoenix**
**P.O. Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

       *s/ Jeffrey Mozdziock*
       **JEFFREY MOZDZIOCK**
       Deputy Attorney General

A - 11

<u>VERIFICATION</u>

I, Mandy Biser Sipple, hereby state that the foregoing answer to Plaintiff's

Interrogatories is true and correct to the best of my personal knowledge or information and

belief.

    This statement and verification is made subject to the penalties of 28 U.S.C §1746

relating to unsworn declarations under penalty of perjury, which provides that if I make

knowingly false averments, I may be subject to criminal penalties.

Mandy Biser Sipple

Date:   8/28/2023

Ref: 4701877 pg 13 of 43 for WILLIAM VICTOR

A-12

<u>VERIFICATION</u>

I, David Mascellino, hereby state that the foregoing answer to Plaintiff's Second Set of Interrogatories is true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

David Mascellino

Date:  9/18/23

A - 13

### VERIFICATION

I, Makeba Fitzgerald Young, hereby state that the foregoing answer to Plaintiff's Second Set of Interrogatories is true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

_____ 9/18/2023

Makeba Fitzgerald Young

Date:

A -14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| Plaintiff | : | |
| | : | No.  2:22-CV-0632 |
| v. | : | |
| | : | Chief Judge Sanchez |
| GEORGE LITTLE, JOHN | : | |
| WETZEL, SUPERINTENDENT | : | |
| SORBER, DEPUTY SUPT. TERRA, | : | |
| DEPUTY SUPT SIPPLE, DEPUTY | : | |
| SUPT. BRADLEY, MAJOR | : | |
| MASCELINO, UNIT MANAGER | : | |
| GRENOVICH, UNIT MANAGER | : | |
| LUQUIS, LT. SCICCHITANO, | : | |
| PSYCHOLOGIST MATTEO, | : | |
| PSYCHOLOGIST STICKNEY, SGT. | : | |
| WORTH, OFFICER GARNETT, | : | |
| OFFICER PISTONE, MEDICAL | : | |
| EMPLOYEE SAVAGE, PHYSICAL | : | |
| THERAPIST WATERS *and* MAJOR | : | |
| HENSLEY, | : | |
| Defendants | : | |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Provide copies of the "SMU Failure packages submitted by SCI-Fayette 2009-2010, and the second from SCI-Camphill 2012 as well as the responses of those packages by then PA DOC secretary John Wetzel.

**RESPONSE: DOC Defendants Objects to this Request as overly broad and unduly burdensome. DOC Defendants further object to Plaintiff's Request as it is not proportional to the needs of this case.**

2.      Provide copies of the "PRC actions involving me at SCI-Frackville August-October 2015, redacted and any reason unredacted is not given.

A -15

**RESPONSE: Please refer to the previously produced PRC actions. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: Please refer to the previously produced PRC actions. Additionally, see enclosed PRC actions dated 11.30.22, 10.26.22, 9.28.22, 9.3.15, 8.13.15 and 8.20.15.**

3.    Provide the packages submitted to then secretary John Wetzel in 2018 to place me on RRL as well as the reasons said RRL was approved and sought.

**RESPONSE: See enclosed Victor's Vote Sheets, and Special Psychological Assessment of Victor Annual RHU Review. Defendants reserves the right to supplement the response to this request.**

4.    Provide the complaint psychologists crantz and bloom submitted on my behalf to PA DOC Mental Health advocate Lynn Patrone in 2018 that I was being retaliated against and in so doing being denied access to meaningful mental health treatment, in connection to this request I seek the "audio recording" conducted of me by PA DOC Investigations and Intelligence Glenn on or about 12/9/18 in the restricted housing unit of SCI-forest, copy of his report, findings and conclusions and any further statement/interviews involving Grantz and Bloom in relation to said Complaint.

**RESPONSE: Enclosed see Mental Health Contact Note from Crants in 2018, Victor's ICAR note from 3/9/2018 and the verification statement from Brian Schneider. Defendants reserves the right to supplement the response to this request.**

5.    Provide me with video footage from SCI-Phoenix L-C-POD 8-12-21 Approximately 10:00 a.m. – 11:00 a.m. L-Unit Hall camera footage from cameras stationed outside of A-POD, including the camera in same hallway outside of the Units Law Library facing the Target room 10-28-22 approximately 7-8 am, camera footage from same two hallway cameras in L-Unit 11-22-22 approximately 12:00 PM -1:55 PM  and the video footage from same L-C-POD cameras 11-22-22 approximately 6:00 p.m. – 8:30 p.m., footage from the two camera stationed on L-C-P-POD cameras 12-6-22 approximately 7:45 a.m. – 8:20a.m. as well as the video footage the following week and subject of abuse complaint VIA Grievance on which Capt. Young breached security opening my cell door L-C-1005 and entering the cell fully in intimidation as was done 12/6/22 by Defendant Randall, these videos sought support the claims of assault, retaliation and the practice of intimidation in retaliation me reporting them for abuse in the Amended Complaint.

**RESPONSE:  Please refer to previously produced video footage from 2018-P-1880, 2019-A-953 and 2019-P-1671, 2021-A-500, and 2022-A-898 and 2022-P-1788. Furthermore, see enclosed Grievance no. 1010675 and 1010584. Defendants reserves the right to supplement the response to this request.**

2

A - 16

**SUPPLEMENTAL RESPONSE:** See enclosed memo from Dusel in regards to video footage/audio with regards to 12-06-2022. Furthermore, a disc was mailed to Phoenix's Superintendent Assistant, Kristina Owens, for your viewing, with regards to the date 11-22-22.

6.       Provide all copies of DC-ADM 001 Abuse Complaints I submitted to Defendants Sorber, Terra, Bradley, Sipple, Wynder, Hensley, Mascelino, Fitzgerald, Young, Dusel as well as the copies of said interviews and conclusions to said complaints as well as those followed up on and conducted by PA DOC B.I.I. investigators from 4/1/21 through date of Amended Filing 5/29/21

**RESPONSE: DOC Defendants object to the extent that Plaintiff requests confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff. Furthermore, BII reports are being withheld due to being confidential.**
**Subject to and without waiver of the foregoing objections, see previously produced documents. Furthermore, see enclosed DC-135A dated 4-14-23, DC-135A dated 4-12-23, DC-135A dated 4-16-23 and DC-135A dated 4-6-23. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: DOC Defendants object to the extent that Plaintiff requests confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff. Furthermore, BII reports are being withheld due to being confidential.**
**Subject to and without waiver of the foregoing objections, there are no abuse allegations for those dates listed for the mentioned staff.**

7.       Provide all the medical reports including sick slips I filed in Connection to the assault defendant gourdine and others subjected me to 11/22/22, 11/23/22. 11/24/22, 11/25/22.

**RESPONSE: Refer to previously produced sick call slips and medical records. Furthermore, see enclosed medical records from 11/2022 – 12/2022 and 12/2022-02/2023. Defendants reserves the right to supplement the response to this request.**

8.       Provide any and all past and current lawsuits each Defendant is named in during their employment by the PA DOC.

**RESPONSE: DOC Defendants object to Plaintiff's Request to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. DOC Defendants further object to Plaintiff's Request as it is not proportional to the needs of this case.**

3

A - 17

9.    Provide all files made and complied against each Defendant during their employment by the PA DOC including those involving use of force, type of discipline, firing and suspensions for inappropriate behavior in contrast to the training and ethics of the PA DOC, including but not limited to contraband, inappropriate activity (sexual) on and off the job that prompted internal review.

**RESPONSE: DOC Defendants object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.  DOC Defendants further object to Plaintiff's Request to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

10.    Provide the computer recordings that depict days, times and "how" my cell door was open, toilet was flushed or cut off 8/12/21, 8/13/21, 8/14/21 and 8/15/21 6AM-2PM, same for 12/6/22, 12/15/22, 7AM-11:45 AM in the support of claims of assault, water deprivation and intimidation, threats and breach of security.

**RESPONSE: Defendant does not have the information to respond to this request, and Defendant continues to investigate. Defendant reserves the right to supplement the response to this request.**

11.    Provide the policy PA DOC uses and trained under that mandates the taking of photos of injuries "reported and or observable" by medical and or other security staff such as was not done in assault of 11/22/22.

**RESPONSE: All Departmental policies that are accessible to the public are in the library at the institution, and Plaintiff may review them. See enclosed Policy DC-ADM 001 Inmate Abuse. Furthermore, refer to previously produced Policy 15.1.1 Safety.**

12.    Provide all mental health entries made by Defendant Matteo August 2022- February 2023 as well as any emails Matteo submitted to Defendants Hensley and Sipple concerning my mental health and support for any treatment on my behalf to support the indifference claims against Defendants

**RESPONSE: DOC Defendants object that this Request is overly broad and unduly burdensome, as no search terms for emails were requested. DOC Defendants further object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.**
**Subject to and without waiver of the foregoing objections, see enclosed mental health records. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: DOC Defendants object that this Request is overly broad and unduly burdensome, as no search terms for emails were requested. DOC Defendants**

4

A-18

further object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.
Subject to and without waiver of the foregoing objections, refer to previously produced mental health and medical records. Defendants reserves the right to supplement the response to this request.

13.     Provide the number of use of force incidents reported and documented on SCI-Phoenix I.M.U. unit 4/1/21- date of filing in which the Defendants in this case were accused of being involved with in support of my pattern and practice claims of abused, including those Defendants removed from the unit and assigned to the other areas of the facility in response to such abuse/security breaches,

RESPONSE: DOC Defendants object that this Request is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. DOC Defendants further object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff. Defendants reserves the right to supplement the response to this request.

14.     Provide copies of discipline Defendant Piston was subjected to in regards to his abuse of me in water deprivation 8/13/21 through 8/16/21 and "how" said discipline was reached.

RESPONSE: DOC Defendants object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.  DOC Defendants further object to Plaintiff's Request to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15.     Produce the Plaintiffs Grievance History, Findings and Appeals since his stay in the I.M.U 4/1/21 to the date of filing Amended Claims.

RESPONSE: Subject to and without waiver of the foregoing objections, refer to previously produced Grievance History, undersigned counsel will do its best to accommodate such requests if Mr. Victor specifies a specific grievance number. Furthermore, refer to previously produced grievances. Defendants reserves the right to supplement the response to this request.

16.     Provide copies of all complaints of abuse such as what I suffered while on SCI-Phoenix I.M.U. Unit 4/1/21 to 5/29/23 to Defendants Wetzel, Little and Harry involving the abuse I was being subjected to including discrimination, retaliation and targeting as well as the report compiled from such Complaints as well as the responses of each Defendant themselves.

5

A-19

**RESPONSE: Subject to and without waiver of the foregoing objections, refer to previously produced EOR 2021-PHX-00215, employee photographs of 8/12/2021 incident and employee reports,**
**Furthermore, see enclosed DC-135A dated 4-14-23, DC-135A dated 4-12-23, DC-135A dated 4-16-23, DC-135A dated 4-6-23 and Inmate Abuse Coversheet. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiver of the foregoing objections, see enclosed DC-135A dated 4-20-23 and Victor's letter to Harry dated 4-12-23.**

17.    Provide Plaintiff's 17x record entries compiled and held by SCI-Phoenix 4/1/21 through 5/29/23.

**RESPONSE: Subject to and without waiver of the foregoing objections, refer to previously produced DC 17X. Furthermore, see enclosed DC17X (11.13-12.6), DC17X (6.12-1.2022), DC17X (6.25-7.3), DC17X (10.23-11.15). Defendants reserves the right to supplement the response to this request.**

18.    Produce the reasons Defendants Sorber and Bradley are no longer employed by the doc and when those decisions became final.

**RESPONSE: DOC Defendants object to the extent this Request confidential information, the release of which could jeopardize the safety and security of Department of Corrections ("DOC") inmates or staff.  DOC Defendants further object to Plaintiff's Request to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants reserves the right to supplement the response to this request.**

19.    Are employees of the PA DOC such as Defendants Garnett, Randall and Young allowed to open any prisoners door in the I.M.U. of the Prisoners designated phase four, five, and six "without cuffing them" unless there is medical or psychiatric emergency or a planned use of force?

**RESPONSE: Defendant does not have the information to respond to this request, and Defendant continues to investigate. Defendant reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiver of the foregoing objections, all Departmental policies that are accessible to the public are in the library at the institution, and Plaintiff may review them. Refer to previously produced Policy 5.1.1 Staff Development and Training Procedures Manual. Defendant reserves the right to supplement the response to this request.**

6

A - 20

20.    Is such covered in the 6.5.1 Manual? See "19"

**RESPONSE: All Departmental policies that are accessible to the public are in the library at the institution, and Plaintiff may review them. Policy 6.5.1, Administration of Security Level 5 Housing Units, which governs the level 5 housing unit is confidential and privileged. Defendants reserves the right to supplement the response to this request.**

21.    Did any Defendant in the first claim of Amended Complaint "RRL" have authority to operate and designate me to and on any "I.M.U. phase or program" October 5, 2021? If so, provide said authorization and exact date "I.M.U. began in SCI-Phoenix".

**RESPONSE: The memo that was given to IMU Inmates, previously produced, states "The programming and incentives outlined below will become available to you beginning July 12, 2021." Defendants reserves the right to supplement the response to this request.**

22.    Provide the order for Plaintiff to receive an "MRI" which took place in April 2023, the results of said MRI and the Medical Entries following MRI, 4/23/23 through 6/2/23 as well as any further orders following April 2023 MRI by Defendants Huner, Letizio, Savage.

**RESPONSE: See enclosed medical records. Defendants reserves the right to supplement the response to this request.**

23.    Provide the video of assault Defendant worth subjected me to including copies of the security investigation and the Grievances filed in regards to this in claim.

**RESPONSE: DOC Defendants object to this request as it is unclear to what video Plaintiff is referring to. Defendants reserves the right to supplement the response to this request.**

24.    Provide the footage of Plaintiff being escorted from L-C-1005 cell and placed in L-A-2006 cell 12/28/22 approximately 12:00 a.m. through 1:30 a.m. in regards to the conditions/heat issues claims including the grievances filed by me, responses and appeals as well as the documents verifying the specific day Defendants were made ware the heat was not working on L-C-POD where I was assigned.

**RESPONSE: Defendant does not have the information to respond to this request, and Defendant continues to investigate. Defendant reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiver of the foregoing objections, refer to previously produced Grievance History, undersigned counsel will do its best to accommodate such requests if Mr. Victor specifies a specific grievance number. See enclosed memo from Dusel in regards to video footage/audio with regards to 12-28-2022.**

Ref: 4701877 pg 22 of 43 for WILLIAM VICTOR

A - 21

25.     Provide Plaintiff with his PRC action reports "Unredacted" from 4/1/21 through 5/29/23, none of these reports are a threat to security as they ate provided in full with no redactions, I say this as those you provide in your June 15, 2023 response were reacted with no reason given but to be obstructive and if you claim they are security sensitive I ask you to submit a declaration from any Defendant but "Terra, Wynder, Sipple, Mascellino, Fitgerald that PRC actions are reacted when provided to us, would have them myself but the Destruction of them by staff during searchers and period I left this prison to attend court.

**RESPONSE: Please refer to previously produced PRC actions. Defendants reserves the right to supplement the response to this request.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiver of the foregoing objections, see enclosed PRC actions dated 11.30.22, 10.26.22, 9.28.22, 9.3.15, 8.13.15 and 8.20.15.**

Respectfully submitted,

**MICHELLE A. HENRY**
**Attorney General**

By:   _s/ Jeffrey Mozdziock_
      **JEFFREY MOZDZIOCK**
      **Deputy Attorney General**
      **Attorney ID 320543**

**Office of Attorney General**
**The Phoenix Building**
**1600 Arch Street**
**Philadelphia, PA 19103**
**Phone: (215) 560-2404**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**jmozdziock@attorneygeneral.gov**

**Counsel for Defendants**

**Date:  September 20, 2023**

8

A - 22

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| Plaintiff | : | |
| | : | No.  2:22-CV-0632 |
| v. | : | |
| | : | Chief Judge Sanchez |
| GEORGE LITTLE, JOHN WETZEL, | : | |
| SUPERINTENDENT SORBER, DEPUTY | : | |
| SUPT. TERRA, DEPUTY SUPT SIPPLE, | : | |
| DEPUTY SUPT. BRADLEY, MAJOR | : | |
| MASCELINO, UNIT MANAGER | : | |
| GRENOVICH, UNIT MANAGER | : | |
| LUQUIS, LT. SCICCHITANO, | : | |
| PSYCHOLOGIST MATTEO, | : | |
| PSYCHOLOGIST STICKNEY, SGT. | : | |
| WORTH, OFFICER GARNETT, | : | |
| OFFICER PISTONE, MEDICAL | : | |
| EMPLOYEE SAVAGE, PHYSICAL | : | |
| THERAPIST WATERS *and* MAJOR | : | |
| HENSLEY, | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Jeffrey Mozdziock, Deputy Attorney General for the Commonwealth of Pennsylvania,

Office of Attorney General, hereby certify that on September 20, 2023, I caused to be served a

true and correct copy of the foregoing document titled Defendant's Supplemental Response to

Plaintiff's Request for Production of Documents to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**William Victor, FK-7293**
**SCI Phoenix**
**P.O. Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

       *s/ Jeffrey Mozdziock*
       **JEFFREY MOZDZIOCK**
       Deputy Attorney General

A - 23



**pennsylvania**
DEPARTMENT OF CORRECTIONS

**TO:**      K. Owens
              Superintendent's Assistant


**FROM:**    M. Dusel
              Internal Security Captain

**DATE:**    September 20, 2023

**RE:**      Video


An extensive/thorough search was completed for the video footage/audio dated December 6, 2022 and December 28, 2022, but that they do not exist.


cc:    File

---

SCI-Phoenix| 1200 Mokychic Drive | Collegeville, Pennsylvania 19426 | 610.409.7890 | www.cor.pa.gov

EXHIB B-1-7

DC-141, Part 4

# COMMONWEALTH OF PENNSYLVANIA
## Department of Corrections

☐ **30 Day Review**

☒ **90 Day Review**

| DC Number FK7293 | Name Victor | Facility FRS | Date of Review 4/5/2018 | # of Review B979437 |
|---|---|---|---|---|
| **Current Status:** | ☐ Administrative Custody | | ☐ Disciplinary Custody | |

Date placed in Security Level 5 Housing: 3/21/2018

Time Served in DC:                          AC: 2+ weeks

Total Continuous Security Level 5 Housing Time Served: 2+ weeks

Date of Last Psychological Assessment:

**Initial Reason for Confinement:**
Inmate Victor was placed in AC status on 3/21/18, pending further review by PRC.

**Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer:**

On 4/5/2018, Mr. Victor met with PRC for a review.  Mr. Victor has completed the SDU and has failed the SMU twice.  PRC informed Mr. Victor he is going to be evaluated for RRL.  Mr. Victor requested a legal phone call and a personal phone call.  PRC denies a personal phone call at time.  PRC informed Mr. Victor he needs to send a request slip with case numbers to be verified.

**Recommendation:**
☐ Continue DC   ☐ Move DC to AC   ☒ Continue AC   ☐ Transfer   ☐ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|---|---|---|
| J. Sawtelle, DSCS | | 4/5/2018 |
| M. Blicha, Major | | 4/5/2018 |
| I. Gustafson, CCPM | | 4/5/2018 |
| D. Lee, U/M | | 4/5/2018 |
| J. Sheesley, PSS | | 4/5/2018 |

**Facility Manager's Comments and recommendation for Continued Placement, Transfer, or Release to Population:**

☐ Continue DC   ☐ Move DC to AC   ☒ Continue AC   ☐ Transfer   ☐ Release to Population

4/11/18
Date                                        Facility Manager's Signature

B-2

# ENTAL HEALTH CONTACT NOT

## SCI:FRACKVILLE

| DATE | | |
|------|---|---|
| 8/19/15 | **S:** | **Inmate reports mild anxiety over being released to SNU GP but is optimistic** |

**TIME**

**1050**

**O:** Inmate interviewed at: RHU ANNEX

Suicidality: (No current ideation expressed or elicited) Other (Comment Mandatory)

Behavior: (Cooperative) Uncooperative Angry Hostile Demanding Immature

Hyperactive/Restless Hypoactive/Lethargic Passive Controlling Agitated Other

Appearance/Grooming: (WNL) Unkempt Unclean Disheveled Bizarre Other

**A:** Feeling/Affect: WNL Euphoric Depressed (Anxious) Flat Expressive Other

Insight: (WNL) Projections Denials Limited

Perceptions: (WNL) Delusions Grandiose Suspicious Paranoid Hallucinations Other

Thinking: (Logical/Goal Directed) Tangential Grossly Impaired/Illogical, Fragmented/Confused

Memory: (Intact) Impaired/Short-Term/Recent/Remote

Orientation: (Person) (Place) (Time)

Impairment: (None) Feeling Thought Speech Motor Sleep Intellect Hearing Eating Other

Comments/Concerns:

**P:** Plans Regarding Treatment/Contact: (Continue Regular Contact) Increase Frequency of Contact

Decrease Frequency of Contact    Refer to Psychiatry    Refer to Medical

Refer to Counselor    Schedule for PRT Review

Additional Comments and/or PRC Considerations:    **Continue to monitor per DOC policy**

Staff:    Siena Smith MS, NCC/PSS

Signature/Printed Name

WNL = Within Normal Limits

**For each S, O, A, P, circle applicable selection for those categories assessed.**

Mental Health Contact Note
Commonwealth of Pennsylvania
Department of Corrections
DC-560

Original:  Medical Record

Copy:      DC-14 (Counselor)

Inmate Name: **Victor**

Inmate Number: **FK7293**

DOB: **9/6/70**

Facility:  FRACKVILLE

Current Stability: (Circle)  A  B  (C)  D

Housing Location: **BC**

SCI FRACKVILLE

AUG 2 6 2015

MEDICAL RECORDS DEPARTMENT

B-3

# MENTAL HEALTH CONTACT NOTE

## SCI:FRACKVILLE

| DATE 8/13/15 | **S:** | Inmate reports mild anxiety over being released to GP in approx. 1 week |
| --- | --- | --- |
| TIME 1110 | | |

**O:** Inmate interviewed at: RHU ANNEX

Suicidality: (No current ideation expressed or elicited)    Other (Comment Mandatory)

Behavior: (Cooperative)    Uncooperative    Angry    Hostile    Demanding    Immature
Hyperactive/Restless    Hypoactive/Lethargic    Passive    Controlling    Agitated    Other

Appearance/Grooming: (WNL)    Unkempt    Unclean    Disheveled    Bizarre    Other

**A:** Feeling/Affect: (WNL)    Euphoric    Depressed    Anxious    Flat    Expressive    Other

Insight: (WNL)    Projections    Denials    Limited

Perceptions: (WNL)    Delusions    Grandiose    Suspicious    Paranoid    Hallucinations    Other

Thinking: (Logical/Goal Directed)    Tangential    Grossly Impaired/Illogical, Fragmented/Confused

Memory: (Intact)    Impaired/Short-Term/Recent/Remote

Orientation: (Person)    (Place)    (Time)

Impairment: (None)    Feeling    Thought    Speech    Motor    Sleep    Intellect    Hearing    Eating    Other

Comments/Concerns:

**P:** Plans Regarding Treatment/Contact: (Continue Regular Contact)    Increase Frequency of Contact
Decrease Frequency of Contact    Refer to Psychiatry    Refer to Medical
Refer to Counselor    Schedule for PRT Review

Additional Comments and/or PRC Considerations:    **Continue to monitor per DOC policy**

Staff:    Siena Smith MS, NCC/PSS

Signature/Printed Name

WNL = Within Normal Limits

**For each S, O, A, P, circle applicable selection for those categories assessed.**

Mental Health Contact Note
Commonwealth of Pennsylvania
Department of Corrections
DC-560
Original:   Medical Record

Copy:    DC-14 (Counselor)

Inmate Name: **Victor**

Inmate Number: **FK7293**

DOB: **9/6/70**

Facility:  FRACKVILLE

Current Stability: (Circle)  A  B (C) D

Housing Location: **BC**

SCI FRACKVILLE

AUG 1 9 2015

MEDICAL RECORDS DEPARTMENT

DC-141, Part 4

## COMMONWEALTH OF PENNSYLVANIA
### Department of Corrections

☐ **30 Day Review**

☐ **90 Day Review**

| DC Number<br>FK-7293 | Name<br>Victor, William | Facility<br>FRA | Date of Review<br>8-13-15 | # of Review |
|---|---|---|---|---|

| Current Status: | ☐ Administrative Custody | ☒ Disciplinary Custody | |
|---|---|---|---|

Date placed in Security Level 5 Housing:    5/2/07

DC expiration:    10/31/16       AC: _____

Total Continuous Security Level 5 Housing Time Served: since: since 5/2/07

Date of Last Psychological Assessment: _____

Initial Reason for Confinement: █████████████

Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Recommendation:
☐ Continue DC  ☐ Move DC to AC  ☒ Continue AC  ☐ Transfer  ☐ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|---|---|---|
| ████████████████ | ██████████ | 8-20-15 |
| | | 9-1-15 |
| | | 9/1/15 |

Facility Manager's Comments and recommendation for Continued Placement, Transfer, or Release to Population:

☐ Continue DC  ☐ Move DC to AC  ☒ Continue AC  ☐ Transfer  ☐ Release to Population

         9-?-15                              ████████████████
         Date                            Facility Manager's Signature

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 6 – Disciplinary Custody Status Inmates*
Issued: May 20, 2015
Effective: July 2, 2015

*Attachment 6-A*

Ref: 4701877 pg 32 of 43 for WILLIAM VICTOR

DC-141, Part 4

# COMMONWEALTH OF PENNSYLVANIA
## Department of Corrections

☐ 30 Day Review

☐ 90 Day Review

| DC Number | Name | Facility | Date of Review | # of Review |
|---|---|---|---|---|
| FK-7293 | Victor, William | FRA | 8-20-15 | |

| Current Status: | ☐ Administrative Custody | ☒ Disciplinary Custody |
|---|---|---|

Date placed in Security Level 5 Housing: ____5/2/07____

DC expiration: ___8/20/15_____ AC: _____

Total Continuous Security Level 5 Housing Time Served: since: since 5/2/07

Date of Last Psychological Assessment: _____

Initial Reason for Confinement: ████████████████ .

Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer:

████████████████████████████████████████████

████████████████████████████████████████████

Recommendation:
☐ Continue DC  ☐ Move DC to AC  ☐ Continue AC  ☐ Transfer  ☒ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|---|---|---|
| ████████████████ | ████████ | 9-3-15 |
| | | 9-3-15 |
| | | 9-3-15 |

Facility Manager's Comments and recommendation for 'Continued Placement, Transfer, or Release to Population:

☐ Continue DC   ☐ Move DC to AC   ☐ Continue AC  ☐ Transfer   ☒ Release to Population

____9-16-15____          ████████████████
Date                      Facility Manager's Signature

***DC-ADM 801, Inmate Discipline Procedures Manual***
***Section 6 – Disciplinary Custody Status Inmates***               ***Attachment 6-A***
Issued: May 20, 2015
Effective: July 2, 2015



DC-141, Part 4

## COMMONWEALTH OF PENNSYLVANIA
### Department of Corrections

☐ 30 Day Review

☐ 90 Day Review

| DC Number | Name | Facility | Date of Review | # of Review |
|-----------|------|----------|----------------|-------------|
| FK7293 | Victor, William | SCIF | 9/03/15 | |

**Current Status:**    ☐ Administrative Custody    ☐ Disciplinary Custody

Date placed in Security Level 5 Housing: _____

Time Served in DC: _____ AC: _____

Total Continuous Security Level 5 Housing Time Served:

Date of Last Psychological Assessment: _____

Initial Reason for Confinement: ███████████████

Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer: ██████████████████████████████

Recommendation:
☐ Continue DC  ☐ Move DC to AC  ☐ Continue AC  ☐ Transfer  ☒ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|-------------------------------------------|-----------|------|
| ██████████████ | ██████████ | 9/2/15 |
| | | 9-3-2 |
| | | 9/8/15 |

Facility Manager's Comments and recommendation for Continued Placement, Transfer, or Release to Population:

☐ Continue DC  ☐ Move DC to AC  ☐ Continue AC  ☐ Transfer  ☒ Release to Population

_____9-8-15_____          ██████████████
Date                       Facility Manager's Signature

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 6 – Disciplinary Custody Status Inmates*
Issued: May 20, 2015
Effective: July 2, 2015

*Attachment 6-A*

| DC-141, Part III | **COMMONWEALTH OF PENNSYLVANIA** | | | |
|---|---|---|---|---|
| Program Review<br>Committee Action | **Department of Corrections** | | | |
| ☐ Misconduct Appeal | ☐ Periodic Review | | ☑ Other | |

| DC Number | Name | Facility | Date of Review | No. from DC-141, Part 1 |
|---|---|---|---|---|
| FK-7293 | Victor, William | SMR | 4/7/2016 | A853334 |

**Program Review Committee's Decision and Rationale**

**Inmate was reviewed by the Program Review Committee this date. Inmate is currently on AC Status in accordance with DC-ADM 802, Section 1.B.1.f. (the inmate has been charged with, or is under investigation for, a violation of facility rules and there is a need for increased control pending disposition of charges or completion of the investigation). PRC was advised by the Security Office that inmate can be released to general population.**

**Release to general population effective 4/7/2016.**

| Decision Relative to PRC Review | | | | | |
|---|---|---|---|---|---|
| ☐ Continue | ☐ Move to AC | ☑ Release to GP | ☐ Release Cell Restriction | ☐ Continue Investigation | |
| ☐ Release to Control GRP | ☐ Release Medical | ☐ Release Diag. Center | ☐ Release Sent. Complete | | |

| Decision Relative to Hearing Examiner's Verdict | | | | | |
|---|---|---|---|---|---|
| ☐ Reject | ☐ Uphold | ☐ Uphold-Modify | ☐ Remand back | ☐ Vacate-permit Recharge | ☐ Dismiss |

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| M. Hainsworth, DSFM | | 4/7/2016 |
| A. Joseph, CCPM | | 4/7/2016 |
| K. Turner, RHU LT. | | 4/7/2016 |

WHITE – DC-15       YELLOW – INMATE       PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

*DC-ADM 802, Administrative Custody Procedures Manual*
*Section 4 – Release from Administrative Custody Status*       ***Attachment 4-A***
Issued: 11/13/2012       Effective: 11/20/2012

*EXHIBIT C*



## Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

06/20/2023 02:05

| Inmate Name: | VICTOR, WILLIAM | DOC #: | FK7293 |
|---|---|---|---|
| SCI Filed: | Phoenix | Current SCI: | Phoenix |
| Grievance #: | 1010154 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

### Decision:Uphold Response

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

In this grievance, you ultimately indicate that on 12/7/22, several staff entered your cell and threatened to kill you, etc.

This office finds the responses provided to you appropriately addressed your concerns. Records reflect that your allegations were investigated in accordance with the DC ADM 001 and were found to be unsubstantiated. You provide this office with no other information which would alter the responses provided to you. Therefore, this office upholds those responses. Further, video will be preserved in accordance with policy.

| Signature: | *Keri Moore for* |
|---|---|
| Name: | D. Varner |
| Title: | Chief Grievance Officer |
| Date: | 06/20/23 |

CC: DC-15/Superintendent - Phoenix
Grievance Office

---

*PLAINTIFFS*
*EXHIBIT D "S"*

**VICTOR, WILLIAM**  #FK7293                                    **DOB:** 9/6/1970 (52y)  **Location:** L-D-2007-01

## DC-472 - Progress Note Medical Provider

| Date/Time: | Facility: |
|---|---|
| 12/29/2021 10:49 | SCI PHOENIX |

**Type of Progress Note:**

☑ Narrative

**Subjective:**

This is a 51-year-old male who continues in the POC on a hunger strike. He apparently has missed 51 meals and is on day 17 of his hunger strike. He is drinking fluids. He appears well hydrated and is showing absolutely no signs of decompensation. I have had extensive conversations with him yesterday and today at the door again with him showing no decompensation. He discussed some of his needs yesterday including wanting physical therapy with his restraints remove so that he can arrange his upper extremities specifically his left shoulder. He also would like to be handcuffed in the front instead of the back due to his disk and shoulder disease. I reviewed the medical record and he did have an MRI several years ago that revealed multilevel disc disease which over the course of the three or four years since has not gotten any better. I have reviewed with the infectious disease team/nurse and he will be receiving his booster soon. I have also order physical therapy once he is out of the POC. Again he is showing no acute decompensation. He is full active range of motion of his upper and lower extremities his neck moves left to right functionally cranial nerves two through 12 are grossly intact buccal mucosa and eyes are moist cognition is intact.

**Provider Line follow-up needed:**

☑ No

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| LETIZIO, ANTHONY, DO | 12/29/2021 10:52:24 |

---

**DC-472 - Progress Note Medical Provider**
DC-472 - Progress Note - For Medical Provider use only

**Patient Name:** VICTOR, WILLIAM
**Patient Number:** FK7293
**Location:** L-D-2007-01
**DOB:** 9/6/1970
**Facility:** SCI PHOENIX
**Electronically Signed By** LETIZIO, ANTHONY, DO on 12/29/2021 10:52:24

P-3

| DC-141, Part III<br>Program Review<br>Committee Action | COMMONWEALTH OF PENNSYLVANIA<br>Department of Corrections | | | |
|---|---|---|---|---|
| Misconduct Appeal Periodic Review Other | | | | |

| DC Number<br>FK7293 | Name<br>Victor, William | Institution<br>PHX | Date of Review<br>03/09/22 | No. from PART I<br>Status Review |
|---|---|---|---|---|

**Program Review Committee's Decision and Rationale**

Inmate ___VICTOR___ refused/accepted out of cell Program Review Committee review this date.
Inmate is currently on DC status.

Inmate was assigned to the Restricted Release List on 11/6/2018 by Central Office. Inmate VICTOR was subsequently transferred to SCI-PHX on 9/21/20, IMU ON 4/1/21. Since reception to L unit, inmate VICTOR has incurred 7 misconducts during his incarceration, LAST ASSAULT 8/1/21. Inmate is currently a Phase 5 as of 10/5/21.

Inmate Victor is being reviewed after being ATA for court from 03/04/22 to 04/12/22. Inmate will be reviewed to discuss has stability and indicate if he is still interested in participating in IMU programming.

Inmate Victor is _%_ compliant with medication and partially compliant with his IRP. He remains a C Stability code.

Security staff on the 6-2 shift notate: law library, showers, yard participation.

Security staff on the 2-10 shift notate: accepts meals, showers, exercise

Security staff on the 10-6 shift notate: quiet

Inmate ATA/Court returned, Continue in Phase 5, work on his BIP short-term and long-term goals. Scheduled for 90 Day review 4/20/22 due to recent ATA.

The Program Review Committee agrees with the L Unit Team recommendations.

*Reviewed OK. due to recent ATA return's No concerns reported. minimal interaction with PRC.*

| Decision Relative to PRC Review | | |
|---|---|---|
| Continue Move to AC Release to GP Release Cell Restriction Continue Investigation | | |
| Release to Control GRP Release Medical Release Diag. Center Release Sent. Complete | | |
| Names of Program Review Committee Members | Signatures | Date |
| J. Terra, DSCS *D. Mosceller* | | 4/13/22 |
| R. Terra, DSFM | | |
| C. Hensley, CO5 | | |
| J. Luquis, UM | | |

Original – DC-15     Copy – Inmate Cited     Copy – Inmate's Counselor     Copy – PRC

DC-141, Part 4

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**

☐ 30 Day Review

✗ 90 Day Review

| DC Number FK7293 | Name Victor, W | Facility PHX | Date of Review 04/20/22 | # of Review |
|---|---|---|---|---|
| **Current Status:** | ☐ Administrative Custody | | ☐ Disciplinary Custody | |

Date placed in Security Level 5 Housing: _____ 09/21/2020 _____

Time Served in DC: 7          AC: _____

Total Continuous Security Level 5 Housing Time Served: 7

Date of Last Psychological Assessment: _____ *4/2011* _____

Initial Reason for Confinement:

Inmate placed on RRL due to assaultive history towards staff per RRL review dated 11/06/18.

Program Review Committee Progress Report and Specific Rationale for Continued Placement or for Transfer: *Recent return from ATA. Inmate shall remain on Lunar and participate in IMU programming.*

Recommendation: *Remain in current status due to RRL designation*
☐ Continue DC ☐ Move DC to AC ☐ Continue AC ☐ Transfer ☐ Release to Population

| Names of Program Review Committee Members | Signature | Date |
|---|---|---|
| *C. Hendy* | *[signature]* | 4/20/22 |
| *[illegible]* | | |
| *[illegible]* | *[signature]* | |

Facility Manager's Comments and recommendation for Continued Placement, Transfer, or Release to Population:

*Continue in IMU programing Continue/remain current RRL (Sohs.*

☒ Continue DC ☐ Move DC to AC ☐ Continue AC ☐ Transfer ☐ Release to Population

*[signature]* _____ 04/26/22 _____
                          Date                    Facility Manager's Signature

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 6 – Disciplinary Custody Status Inmates*
Issued: May 20, 2015
Effective: July 2, 2015

*Attachment 6-A*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,

      PLAINTIFF,                                                    No.22-CV-0632

                                                                 C. J. JUAN R. SANCHEZ

     V.

G. LITTLE, et al.,

      DEFENDANTS.

CERTIFICATE OF SERVICE


    I THE UNDERSIGNED HEREBY CERTIFY I HAVE THIS 29TH DAY OF SEPTEMBER, 2023 SERVED A TRUE AND CORRECT COPY OF PLAINTIFF'S CORRESPONDENCE UPON DEFENDANTS VIA U.S. FIRST CLASS MAIL.


RESPECTFULLY,

WILLIAM VICTOR #FKT293
SCI-PHOENIX
1200 MOKYCHIC DR.
COLLEGEVILLE, PA 19426

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

LEGAL MAIL!



neopost
10/02/2023
US POSTAGE $003.03°
FIRST-CLASS MAIL
ZIP 19426
041M12252211



RECEIVED
OCT 0 5 2023
BY:_____



CLERK OF THE COURT
U.S. DISTRICT COURT
EASTERN DISTRICT OF PA
601 MARKET ST.
PHILA, PA 19106