IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-632 |
| | : | |
| GEORGE LITTLE, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                                           **September 18, 2024**

      Pro se Plaintiff William Victor, currently incarcerated at State Correctional Institution Phoenix (SCI-Phoenix), brings claims pursuant to 42 U.S.C. § 1983 against prison medical providers, alleging violations of his First and Eighth Amendment rights.[1] Victor's claims arise from denial of physical therapy for his chronic injuries and retaliation for filing suit about the denial. The medical providers—Defendants Physical Therapist Waters and Dr. Anthony Letizio—jointly move for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Victor has presented no affirmative evidence to prove his claims. Because Victor fails to demonstrate deliberate indifference on the part of Defendants, the Court will grant the motion for the Eighth Amendment claim. And because Victor fails to demonstrate that Defendants were personally involved in terminating his therapy, the Court will also grant the motion for the First Amendment claim.

**BACKGROUND**

      Victor is an inmate at SCI-Phoenix with documented medical issues with his neck, shoulder, and back, including "damages to nerves and discs." Am. Compl. ¶¶ 94, 101, ECF No. 89. Because of these injuries, he has "difficulty in moving, walking, exercising, and having full range

---

[1] There are 38 defendants in this case, including Defendants Waters and Letizio. This opinion only addresses the facts and issues relevant to Defendants' motion for summary judgment.

of motion." *Id.* ¶ 101. Victor received physical therapy for these injuries beginning in 2020. *Id.* ¶ 94. From 2020 through March 2021, Victor received physical therapy while unrestrained ("Unrestrained Therapy"), and the therapy room had the necessary equipment. *Id*. On April 1, 2021, Victor was transferred to L-Block at SCI Phoenix. *Id.* ¶ 95. Thereafter, he claims prison employees escorted Victor to a room without physical therapy equipment and told Waters to provide physical therapy while Victor was "restrained from the back with a restraint belt" ("Restrained Therapy"). *Id.* Each time they did so, Waters told Victor "there is no way I can provide treatment for you with you restrained like you are." *Id.* ¶ 96. Victor alleges Waters would record, however, that Victor had an attitude and/or refused treatment. *Id.*

When Victor filed grievances about the changes in his physical therapy treatment, he was told prison employees "did not want any RRL [Restricted Release List] prisoners to leave the unit." *Id.* But at some point, as a result of Victor's complaints, other prison employees, including Dr. Letizio, directed Waters to contact the shift commander prior to appointments so Victor could be taken to a physical therapy room with the necessary equipment. *Id.* ¶ 99. Victor alleges Waters did not follow this directive. *Id.* ¶¶ 99, 107. Victor also alleges Waters would not ask for Victor to be unrestrained "despite knowing it was in the orders." *Id.* ¶ 107. Thus, from April 1, 2021, to approximately August 2022, Victor alleges he was denied physical therapy because he received infrequent Restrained Therapy despite constantly asking for more frequent Unrestrained Therapy. *Id*. ¶¶ 93, 107. Victor states that, during this time, he briefly received Unrestrained Therapy for two weeks after he went on a hunger strike. *Id.* ¶ 102.

After this brief reprieve, however, Waters began scheduling Victor's appointments "3 to 4 weeks apart, which would render therapy obsolete." *Id.* Although Waters instructed Victor to complete physical therapy exercises in his cell, Victor had difficulty doing so because of his pain

2

after so many months without therapy. *Id.* ¶ 105. According to Victor, "Waters expressed to me he was being directed to 'do what was expedient and get me off of therapy.'" *Id.* ¶ 104. Finally, Victor claims that once Defendants became aware of his claims against them, they conspired to terminate his therapy entirely and made false entries in his medical chart. *Id.* ¶¶ 111, 113.

Defendants assert placing Victor in restraints for therapy was an administrative custody status decision that was not made by them. Defs.' Mot. Summ. J. at 10, ECF No. 154 (ECF Pagination). They also assert they provided adequate care that took into consideration the security restraints. *Id.* Further, Defendants present expert testimony to support their claim that Victor's physical therapy plan was based on professional medical judgment. *Id.*

Victor filed the initial complaint in this case on February 16, 2022, and the amended complaint on March 31, 2023. Defendants filed a motion to dismiss on June 7, 2023. After the Court granted the motion in part and denied it in part, the following claims proceeded to discovery: (I) an Eighth Amendment deliberate indifference claim and (II) a First Amendment retaliation claim.[2] Defendants now move for summary judgment.

**STANDARD OF REVIEW**

A court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." *Id.* at 248. "[T]he mere existence of *some*

---

[2] Victor failed to produce discovery in response to Defendants requests and failed to request any discovery from Defendants.

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks and citation omitted). To defeat summary judgment, "a nonmoving party must adduce more than a mere scintilla of evidence in its favor . . . and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). When considering a motion for summary judgment, the court must "view all facts in the light most favorable to the non-moving party and draw all inferences in that party's favor." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

**DISCUSSION**

Victor brings claims against Defendants for deliberate indifference under the Eighth Amendment and retaliation under the First Amendment. ECF No. 89 at ¶ 114. Victor alleges Defendants denied or provided inadequate physical therapy for his chronic neck, back, and shoulder injuries. *Id*. ¶¶ 93-114. He also alleges that Defendants terminated therapy altogether after he filed this lawsuit. *Id*. Defendants move for summary judgment, arguing Victor has not developed the necessary evidence to establish any of his claims. ECF No. 154 at 13-15 (ECF Pagination). Defendants argue that Victor does not provide affirmative evidence demonstrating deliberate indifference to his injuries or retaliatory motive for terminating his physical therapy. *Id*.

Section 1983 allows private citizens to bring suit for violations of federal law committed by state actors. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To bring a § 1983 claim, a plaintiff must show (1) their federal rights were violated and (2) the violation was caused by a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also show the defendant was personally involved in the alleged violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Defendants, as medical providers at SCI-Phoenix, are state actors for purposes of Section 1983.[3] *See West*, 487 U.S. at 53-54 (medical personnel under contract with a state or prison to provide medical services to prisoners are state actors for purposes of Section 1983).

As to the violation of federal rights, the Eighth Amendment's ban on cruel and unusual punishment forbids "deliberate indifference to serious medical needs of prisoners[.]" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on an Eighth Amendment deliberate indifference, claim, as Victor alleges here, a plaintiff must make (1) an objective showing that his medical needs were serious and (2) a subjective showing that the defendants were deliberately indifferent. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks and citation omitted). A prison official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

---

[3] Defendants do not contest this. *See* ECF No. 154 at 12-20 (ECF Pagination).

Victor makes an objective showing that his injuries resulted in a serious medical need. "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." *Lanzaro*, 834 F.2d at 347. A medical need is serious "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care[.]" *Id*. (quoting *Estelle*, 429 U.S. at 103). Expert testimony is not "necessarily required to establish the existence of a serious medical need. Other forms of extrinsic proof—e.g., medical records, photographs, etc.—may suffice in some cases." *Brightwell v. Lehman*, 637 F.3d 187, 194 n.8 (3d Cir. 2011). Victor asserts he has "progressive pain and complications with nerve damage in [his] neck, back and shoulders." Pl.'s Opp'n ¶ 10, ECF No. 160. The medical records provided by Victor support his assertion and also show that he (1) takes medication for his nerve pain and (2) presents with limited range of motion and weakness due to the nerve damage. *Id*. at 6-16 (ECF Pagination). Defendants argue the nerve damage is not a serious medical need because it is the result of "non-specific, chronic, degenerative changes . . . [that] have not required surgery up to this point[.]" ECF No. 154 at 17 (ECF Pagination). Viewing these facts in light most favorable to Victor, the medical diagnosis and evidence of the daily impact of the nerve damage demonstrate a serious medical need. *See Dykeman v. Ahsan*, 560 F. App'x 129, 131 (3d Cir. 2014) (finding degenerative arthritis of the hip is a serious medical need).

Victor, however, fails to show that Defendants were deliberately indifferent to his serious medical needs. Deliberate indifference can be established in different ways depending on the alleged claim, including denial of reasonable requests for medical treatment and the provision of inadequate care. *See Pearson*, 850 F.3d at 538. Victor alleges that his requests for more frequent therapy were denied, and the treatment he received was inadequate because of the restraints. ECF No. 89 at ¶¶ 95, 107.

For adequacy of care claims, "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Pearson*, 850 F.3d at 535. A prisoner's disagreement with treatment provided does not a support a deliberate indifference claim. *Lanzaro*, 834 F.2d at 346; *see id*. ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."). To establish deliberate indifference for an adequacy of care claim, a plaintiff must make both: (1) an objective showing of an inadequate medical treatment and (2) a subjective showing of the defendant's state of mind. *Pearson*, 850 F.3d at 536. The objective showing may require medical expert testimony where laymen would not be able to determine whether treatment fell below professional standards of care. *Id*. Victor alleges the Restrained Therapy he received when he was placed in the L-Block was inadequate, and the physical therapy room lacked the necessary equipment for adequate treatment of his injuries. ECF No. 89 at ¶ 95. He, however, provides no evidence to demonstrate treatment fell below professional standards. *See* ECF Nos. 89 and 160. Victor only alleges Defendant Waters stated that he could not provide Victor with the necessary treatment while Victor was restrained. ECF No. 89 at ¶ 96. Defendants, on the other hand, present an expert report demonstrating that there was "nothing medically inappropriate" about Restrained Therapy and the physical therapy room on the L-Block. ECF No. 154 at 17. Because Victor has failed to make a showing that the quality of medical care was below professional standards, he cannot prevail on an adequacy of care claim.

On the other hand, a denial of care claim requires only a subjective showing of the defendant's state of mind. *Pearson*, 850 F.3d at 537. "All that is needed is for the surrounding circumstances to be sufficient to permit a reasonable jury to find that the delay or denial was

motivated by non-medical factors." *Id*. Additional extrinsic evidence is thus "not necessary for the jury to find deliberate indifference in a delay or denial of medical treatment claim." *Id*.

The circumstances surrounding Defendants' refusal to increase the frequency of therapy is not sufficient to create a triable issue as to whether Defendants denied more therapy for non-medical reasons. Victor asserts he made the requests because of the pain he was experiencing as a result of the infrequent therapy sessions and his inability to perform the recommended self-therapy exercises in his solitary cell. ECF No. 89 at ¶¶ 105-107. Defendants assert the denial of physical therapy was based on professional judgment about Victor's medical history, and that he still received general medical care outside of formal physical therapy. ECF No. 154 at 17 (ECF Pagination). Defendants support their assertion with expert testimony that the frequency of physical therapy was medically appropriate. *Id*. Victor presents no evidence, circumstantial or otherwise, from which a jury could infer Defendants denied his requests for non-medical reasons.[4] *See* ECF Nos. 89 and 160. Accordingly, the motion is granted for the Eighth Amendment claim because Victor has failed to show that Defendants acted with deliberate indifference in denying his request for more physical therapy or providing adequate care.

To prevail on a First Amendment retaliation claim, a prisoner-plaintiff must prove: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). A prisoner-plaintiff can prove retaliatory motive with "evidence of either [] an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or [] a pattern of

---

[4] Victor's allegations that therapy was terminated after the filing of this lawsuit are more appropriately handled under the First Amendment retaliation claim.

antagonism coupled with timing that suggests a causal link." *Id*. Even if the prisoner proves a prima facie case of retaliation, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001).

Victor asserts that Defendants terminated his physical therapy after he filed this lawsuit.[5] ECF No. 89 at ¶ 111. Defendants concede the lawsuit is constitutionally protected conduct. *See* ECF No. 154 at 18-19 (ECF Pagination). They, however, challenge whether there was retaliatory motive, arguing Victor has not presented evidence to demonstrate retaliatory motive. *Id*. Defendants further argue any alleged termination was part of the course of treatment because physical therapy is not indefinite. *Id*. at 19. Section 1983 requires Victor to present evidence demonstrating Defendants were personally involved in the termination of his therapy. *See Ashcroft*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). Victor presents no evidence demonstrating Defendants' involvement in the decision to terminate his physical therapy.[6] Accordingly, the motion will be granted for the First Amendment retaliation claim because there is insufficient evidence of personal involvement.

---

[5] Victor fails to provide dates. The Court's best interpretation of the pleadings is that Victor's therapy was terminated around the time Defendant Waters was served on March 17, 2023 (ECF No. 63) and continued through, at least, the filing of Plaintiff's Opposition to Summary Judgment (ECF No. 160) on November 13, 2023.

[6] In a medical progress note dated April 5, 2023, a provider records that Victor asked for physical therapy. ECF No. 160 at 15 (ECF Pagination). In the assessment portion of the note, the provider states, "Jack at PT is not willing to give him therapy as he is running a legal action against him and his company does not allow him to get involved with the therapy whil4e [sic] being sued." *Id*. Victor does not present any evidence demonstrating who "Jack" is and how he relates to Defendants.

**CONCLUSION**

In sum, Victor has failed to provide evidence demonstrating Defendants denied care based on non-medical reasons or provided inadequate care. He also failed to provide evidence demonstrating Defendants were personally involved in terminating his physical therapy. Accordingly, the Court will grant Defendants' motion for summary judgment on all claims.

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.
